Argued and submitted November 15, 1985, resubmitted In Banc February 5, affirmed
June 18, 1986

## ACCIDENT PREVENTION DIVISION,
*Respondent,*

*v.*

## CASCADE FOREST PRODUCTS, INC.,
*Petitioner.*

(SH-79-276; CA A30658)

721 P2d 851

Brian L. Pocock, Eugene, argued the cause and filed the brief for petitioner.

Jeff Bennett, Assistant Attorney General, Salem, argued

the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

BUTTLER, J.

## BUTTLER, J.

Petitioner seeks judicial review of a Workers' Compensation Board (Board) referee's order affirming, for the third time, the validity of two safety violation citations issued by the Accident Prevention Division (APD). The first citation (Citation 1) was issued April 11, 1979. It charged petitioner with four "serious violations" of the Oregon Occupational Health and Safety Code, assessed penalties of $450 and specified correction dates for each violation. The second citation (Citation 2), issued October 11, 1979, charged petitioner with failing to comply with the abatement order regarding the second violation cited by Citation 1 (Item 2) and assessed a penalty of $8,250. Petitioner challenges the validity of both citations. We affirm.

In 1979, petitioner operated a wood products plant near Bend. The plant's equipment included three inverted swing cut-off saws, which, at that time, had been in use for approximately 20 years. Item 2 of Citation 1 cited petitioner's failure to guard the blades of those saws in accordance with OAR 437-10-3-34,[1] adopted in 1974 by the Workers' Compensation Department under the Oregon Safe Employment Act (OSEA), ORS 654.001 to 654.295, which provides:

"Inverted swing cutoff saws shall be provided with a hood that will cover the part of the saw that protrudes above the top of the table or above the material being cut. It shall automatically adjust itself to the thickness of and remain in contact with the material being cut."

Petitioner was fined $150 for that violation and was ordered to install the required hoods within 30 days.

On April 19, 1979, petitioner requested that the compliance date for Item 2 be delayed approximately four and one-half months, because it planned to shut down its existing plant and move to its new plant, then nearing completion, equipped with modern, complying equipment, on August 1, 1979.[2] After APD denied the request, petitioner sought a hearing before the Board to contest the reasonableness of the

[1] This rule has since been renumbered OAR 437-64-285(4).

[2] Petitioner closed the old plant in early September, 1979.

denial. ORS 654.078(1).[3] The referee affirmed APD's decision, and petitioner sought judicial review. We affirmed without opinion. *Cascade Forest Products Inc. v. Accident Prevention Division,* 44 Or App 131, 605 P2d 759 (1980).

On April 23, 1979, petitioner filed a separate request for a hearing to challenge the lawfulness of Citation 1. It later indicated that it also intended to contest Citation 2. The hearing was held in August, 1980, following which the referee affirmed Citation 1 on its merits and found that petitioner's challenge to Citation 2 was time-barred. Petitioner sought judicial review, and we remanded for further consideration regarding Citation 1, Item 2. *Cascade Forest Products v. Accident Prev. Div.,* 60 Or App 255, 653 P2d 574 (1982). We did not address the validity of Citation 2, because it was conceded that it depended on the validity of Citation 1, which might be affected by the referee's findings on remand. We said that we would not address that issue unless a new final order made it necessary to do so.

Our remand directed the agency to address petitioner's contention that it should not be penalized for its failure to comply with OAR 437-10-3-34, because (1) it had no knowledge that the saws were not in compliance with the regulation, (2) compliance would increase the risk of serious injuries to its employes and (3) installing the hoods was not economically feasible. The referee on remand complied with that directive and reaffirmed his decision. Petitioner now seeks judicial review of that order. On review, petitioner does not make specific assignments of error but argues that the referee's findings regarding each of its three defenses are not supported by substantial evidence, that the economic feasibility of installing the required hoods was analyzed under the wrong standard and that it was error to deny petitioner's motion to disqualify the referee.

---

[3] ORS 654.078(1) provides:

"An employer may contest a citation, a proposed assessment of civil penalty and the period of time fixed for correction of a violation, or any of these, by filing with the department, within 20 days after receipt of the citation, notice or order, a written request for a hearing before the board. Such a request need not be in any particular form, but shall specify the alleged violation that is contested and the grounds upon which the employer considers the citation or proposed penalty or correction period unjust or unlawful."

■        We are satisfied that the findings with respect to each of the defenses are supported by substantial evidence and that there was no error in denying the motion to disqualify the referee. Respondent contends that the referee, in deciding that compliance with the order was economically feasible, erred in applying the "brink of bankruptcy" test. It argues that the economic feasibility of compliance should be determined by weighing the cost of compliance against the degree to which compliance would enhance the health and safety conditions of the work place. That test is the one most commonly used by the federal courts, *see Donovan v. Castle & Cooke Foods, etc.,* 692 F2d 641 (9th Cir 1982), although the brink of bankruptcy test has also been applied. *See Faultless Division v. Secretary of Labor,* 674 F2d 1177 (7th Cir 1982). As a true test of economic feasibility, the brink of bankruptcy standard does not make much sense, because it would excuse compliance with a safety regulation that would eliminate a clear and substantial hazard to employes if doing so would imperil the economic viability of the company. Here, however, there is no question but that plaintiff could have complied with the order without serious economic consequences, much less being pushed to the edge of bankruptcy.

If there is a problem with the referee's failure to consider the cost benefit analysis urged by petitioner, it would relate to the reasonableness[4] of the compliance order under all of the circumstances, particularly the short time that petitioner was to remain in its old plant. However, the reasonableness of that compliance order was affirmed by this court without opinion on the first petition for review in 1980; it is no longer an open question. We now affirm the referee's order with respect to the lawfulness of Citation 1.

■        We next consider the referee's ruling that petitioner's challenge to Citation 2 was time-barred. As noted above, Citation 2 was issued on October 11, 1979. Petitioner did not "request" a hearing on that citation, however, until July 16,

---

[4] ORS 654.035(2) authorizes the Workers' Compensation Department to:

"Fix reasonable standards and prescribe and enforce reasonable orders for the adoption, installation, use and maintenance of devices, safeguards and other means of protection, and of methods, processes and work practices, to be as nearly uniform as possible, as may be necessary to carry out all laws relative to the protection of the life, safety and health of employes."

1980.[5] ORS 654.078(1) provides that an employer may contest a citation by filing a written request for a hearing before the board "within 20 days after receipt of the citation."[6] If it does not, ORS 654.078(3) provides that the citation and the assessment of penalty as proposed constitute a final order that is not subject to review by any agency or court.[7]

On review, petitioner does not assert that its request for a hearing on Citation 2 was timely. It argues, rather, that its late request should be excused, because it was misled by Exhibit A appended to the citation, which states: "A request for hearing is presently pending on [Citation 1]. In the event the employer prevails on Item number 2 of [Citation 1], * * * this Citation will be withdrawn."

In our opinion, the quoted language does not suggest, as petitioner contends, that it was not required to file a separate request for a hearing, in accordance with ORS 654.078(1), if it desired to contest the merits of Citation 2. It states what appears to be the obvious: if the violations for which petitioner was fined in Citation 1 are reversed, the penalty imposed in Citation 2 for failing to comply would no longer be assessed. Furthermore, any potential confusion was offset by the specific information appearing on the back of the citation itself setting forth petitioner's appeal rights.[8]

---

[5] Petitioner did not "file" a separate request for a hearing regarding Citation 2. Rather, it notified the referee by letter that it intended to contest the citation.

[6] ORS 654.078(1) provides:

"An employer may contest a citation, a proposed assessment of civil penalty and the period of time fixed for correction of a violation, or any of these, by filing with the department, within 20 days after receipt of the citation, notice or order, a written request for a hearing before the board. Such a request need not be in any particular form, but shall specify the alleged violation that is contested and the grounds upon which the employer considers the citation or proposed penalty or correction period unjust or unlawful."

[7] ORS 654.078(3) provides:

"A hearing on any question relating to the validity of a citation or the proposed civil penalty to be assessed therefor shall not be granted unless a request for hearing is filed by the employer within the period specified in subsection (1) of this section. If a request for hearing is not so filed, the citation and the assessment of penalty as proposed shall be a final order of the department and shall not be subject to review by any agency or court."

[8] The provision stated:

"If you wish to contest any violation, penalty, or correction date, you may appeal this citation. Your appeal must be in writing, be signed, include your name,

Affirmed.

---

address, telephone number, citation number, date received, and specify each item contested, and reason for appeal. The appeal must be *received* by the Department within 20 days of your receipt of the Citation. If you do not appeal, this Citation becomes a final order of the Workers' Compensation Department. * * *"